**Horace E. HILL et al., Appellants,**

v.

**James HUGER et al., Appellees.**

**No. 21800.**

United States Court of Appeals Fifth Circuit.

May 11, 1965.

**127**

Horace E. Hill, Daytona Beach, Fla., for appellants.

Melvin Orfinger, Charles Tindell, Joseph W. Hatchett, Daytona Beach, Fla., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS,* and WISDOM, Circuit Judges.

PER CURIAM.

This was a bill in equity asserting that the City of Daytona Beach, Florida, was about to enter into contracts with the Housing and Home Finance Agency of the United States for participation in the Federal Urban Renewal Program; that the City Council of the City of Daytona was illegally constituted in that it was made up of five representatives from five representative districts which were not apportioned according to population. It sought an injunction to prevent the completion of the Urban Renewal Program or any condemnation of property of the appellants or the class they represent until a legally constituted city government was in office. It having been made to appear to the trial court that the Circuit Court of Volusia County, Florida, had entered a decree holding that the City Council of Daytona Beach, Florida, was unconstitutionally malapportioned and that that Court had permitted the present City Council to continue in office through its present term which expires with the elections to be held in October of this year, and that the appellants here had appealed from the refusal of the said state court to enjoin the appellees from further proceeding with the Urban Renewal Program, the district court dismissed this action.

It appearing that the state court has now in an unappealed order held that the city government of Daytona Beach will not have valid existence following

---

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.

the expiration of the present terms of the City Councilmen, and no provision having been made for time or means by which this situation can be corrected other than the fact that the state legislature now in session has the power to pass corrective legislation, we conclude that the dismissal of the complaint was improper in as much as the appellants have the right to have the court retain jurisdiction until a legally constituted city government shall have been constituted. It is, of course, entirely appropriate for the district court to stay its hand pending final disposition of the present appeal by the appellants in their state court litigation unless it should be made to appear to the trial court that constitutional rights of the appellants will be seriously jeopardized in the absence of more specific determinations by the trial court of the time and manner in which the city government may be brought within constitutionally acceptable standards.

The order of dismissal is vacated and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.