**Horace E. HILL et al., Appellants,**

**v.**

**The HOUSING AND HOME FINANCE AGENCY et al., Appellees.**

**No. 21801.**

United States Court of Appeals
Fifth Circuit.

May 11, 1965.

Horace E. Hill, Daytona Beach, Fla., for appellants.

Robert V. Zener, Atty., Dept. of Justice, Washington, D. C., William J. Hamilton, Jr., Asst. U. S. Atty., Jacksonville, Fla., John W. Douglas, Asst. Atty. Gen., Edward F. Boardman, U. S. Atty., Mor-

ton Hollander, Atty., Dept. of Justice, Washington, D. C., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS,* and WISDOM, Circuit Judges.

PER CURIAM:

 This complaint, a companion case to Hill v. Huger, 5 Cir., 346 F.2d 127, is a suit against the Housing and Home Finance Agency and other Federal Government officials to enjoin them from completing an urban renewal project with the City of Daytona Beach, Florida, on the ground that the said city's government is illegally organized by reason of an unconstitutional malapportionment. The fact of the illegal nature of the present city government has been established by a judgment of the Circuit Court for Volusia County, Florida. However, that judgment did not provide a time or means by which the city can come within the constitutional requirements. Thus, we have a complaint which alleges that the appellees here are about to complete a contract with an illegally constituted city government, found to be invalidly organized, but whose right to continue in office has been approved for a temporary period by the state court. The Supreme Court's legislative reapportionment decisions certainly warrant the granting of reasonable time for the correction of such malapportioned legislative bodies. Nevertheless, a federal court whose jurisdiction is sought with respect to such matters may be called upon to retain jurisdiction in a proper case until the malapportionment has been brought to an end or until it has been assured of a reasonable plan for accomplishing this purpose. We have therefore held in the companion case that the trial court should not dismiss the complaint against the City until it had had an opportunity to see this result accomplished. The decision in that case adequately protects the appellants here in that if they have a right finally to enjoin the execution of this contract, it can be done in that action and it is not necessary to afford the added protection of requiring the district court to retain jurisdiction in this case. We need not decide whether, if the City of Daytona Beach is not brought within constitutional requirements as to proper apportionment the appellees here would nevertheless have the right to continue contracting and dealing with them under the federal statutes as a de facto city government, since we conclude that the trial court's dismissal was not in error in light of the fact that at the time the hearing was held these appellees had full authority to deal with the city government on a de facto basis.

 The complainants here charge that they are aggrieved by reason of the fact that inadequate provisions may be made for the resettling of some of the class they seek to represent. This is a problem for the federal officials involved. We will not assume that they will not carry out their duties as required by the statutes.

The affirmance of the judgment of the district court is, of course, without prejudice to any rights the appellants may have hereafter should there be any justiciable controversy that may arise by reason of an alleged failure of the proper officials to comply fully with the requirements of the statute.

The judgment is affirmed.

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.